SPENCER M. BENNETT, RESPONDENT, v. PRESTON LEEDS, APPELLANT.

Submitted July 7, 1921—Decided January 3, 1922.

1. In the trial of an action for damages in a collision of two automobiles, where there was testimony tending to show negligence by the defendant in operating his car, and it did not conclusively appear that the plaintiff was guilty of contributory negligence, the solution of the question was for the jury.

2. In the trial of an action for damage in an automobile collision, at a street intersection, defendant testified that he looked to the right and saw the way was clear, and then looked to the left and saw plaintiff's car, a length away, running at full speed, and that he immediately applied the brakes to his own car. The trial judge, in his charge, said that defendant was guilty of contributory negligence because he did not look to the left. *Held,* erroneous, as the question of contributory negligence was, under the facts, clearly one for the jury to determine.

On appeal from the Atlantic County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the appellant, *Babcock & Champion.*

For the respondent, *Theodore W. Schimpf.*

The opinion of the court was delivered by

KALISCH, J.   An action was brought in the court below against the defendant by the plaintiff to recover damages for physical injuries sustained by him and damage done to his automobile as a result of the alleged negligence of the defendant.

The plaintiff in his complaint averred that while driving in his automobile, as he was crossing Albany avenue at the intersection of Ventnor avenue, in Atlantic City, the defendant negligently drove and ran his automobile into the former's car.

The plaintiff's allegations were denied in the answer of the defendant, who also set up a counter-claim in which he averred that the plaintiff negligently drove his automobile into the defendant's automobile at the intersection of Ventnor and Albany avenues, to his great damage and injury.

The trial of these cross-actions eventuated in a verdict for the plaintiff, and from the judgment entered on that verdict the defendant appeals. .

The three grounds relied on by defendant's counsel for reversal are as follows:

1. Refusal by the court to grant defendant's motion for a nonsuit.

2. Because the court charged the jury: "You may eliminate from your consideration any question as to Mr. Leeds obtaining damages from Mr. Bennett, because Mr. Leeds' own testimony is that he, if Mr. Bennett was responsible for the accident, contributed to the accident himself by his negligence. * * * Therefore, I say to you from the testimony before you that Mr. Leeds cannot obtain at your hands for the damage he has sustained against Mr. Bennett because, even if you find Mr. Bennett was responsible for the accident, Mr. Leeds had so contributed to it by his negligence as to prevent his having any recovery."

3. Because the court refused to charge the defendant's second request, which was as follows: "At the time of the happening of the accident in question, there having been no traffic officer stationed at Ventnor and Albany avenues, Mr.

Bennett, the plaintiff, should have granted the right of way to Mr. Leeds, the defendant, because Mr. Leeds was approaching the vehicle of Mr. Bennett from his right."

Now, as to defendant's counsel's first contention that the court erred in denying the motion to nonsuit the plaintiff, it suffices to say that the plaintiff's testimony tended to show that the collision was due to the defendant's negligence, and a jury would have been warranted in so finding, and, as it did not conclusively appear that the plaintiff was guilty of negligence contributing to his injury, the court could not, under well-settled legal rules, have decided, as a matter of law, that there was such contributory negligence on part of the plaintiff, but was obligated to leave the solution of that question to the jury.

The substance of the plaintiff's testimony is that he was driving west on Ventnor avenue, and that the defendant was driving, presumably, south on Albany avenue, and at the intersection of the two avenues, the defendant ran his car into the plaintiff's car "back of the center" on the plaintiff's right side, and that though he had looked both to the right and the left, he did not see the defendant's car until after the collision, and that the only car that the plaintiff saw before the accident was a Ford coming down Ventnor avenue, but far enough away as not to interfere with his progress.

It is quite obvious that under that state of the evidence the court could not have properly nonsuited the plaintiff.

In regard to the instruction given to the jury by the trial judge, whereby, in substance, he instructed it that it should eliminate from its consideration the counter-claim of the defendant, for, even though it finds that the plaintiff was responsible for the accident, the defendant had so contributed to it by his negligence as to prevent his having any recovery.

It is apparent from this instruction that the court decided, as a matter of law, that the defendant was guilty of negligence contributing to his injury.

In doing this, under the evidence in the cause, we think the court invaded the province of the jury by disregarding the well-settled legal principle alluded to in the discussion on the

motion for a nonsuit, that unless the proof of the negligence charged as contributory is so clear and conclusive that the minds of reasonable men cannot reasonably differ, the case is one for the jury to determine.

We must, therefore, turn to a consideration of the defendant's testimony to ascertain whether the charge of contributory negligence made against him was so clear and conclusive as to have warranted the court in giving the instruction complained of.

The defendant, in substance, testified that he was coming from Pleasantville and that he looked to the right and the way was clear; that he was going down Albany avenue to Pacific avenue to go up Pacific, and when he started across the intersection of Ventnor avenue the road was clear from the right, and then he looked to the left and saw the plaintiff's car, about a length away, coming with full speed, and that he, the defendant, immediately put on both brakes, the emergency and foot brakes, and that his car "stopped as it was," and that it moved about a foot; that the plaintiff's car kept on coming and ran into his, the defendant's car, doing considerable damage to it.

The trial judge charged the jury: "Mr. Leeds, when he looked to the right, did not look to the left, is guilty of contributory negligence, even if Mr. Bennett was negligent."

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*

The court was evidently mistaken when he said that the defendant did not look to the left after looking to the right, and it was upon the alleged failure of the defendant to look to the left that the court based its conclusion, as a matter of law, that the defendant was guilty of contributory negligence.

It was clearly a jury question whether or not, at the time the defendant said he looked to the left, he exercised that degree of reasonable care that was incumbent upon the driver of a vehicle, driving along a public thoroughfare, under the conditions then prevailing. For it must be borne in mind that both plaintiff and defendant had equal rights in the street, and in the use thereof each was under a duty to respect

the rights of the other. Whether or not, if the defendant had looked to the left earlier than he did, he could have avoided the collision, involved the question, whether he exercised reasonable care under the conditions that confronted him, the solution of which was for the jury and not for the court. For this reason the judgment must be reversed.

The result reached makes it unnecessary to consider and decide the third ground of appeal argued in the defendant's brief.

Judgment is reversed, to the end that a *venire de novo* be awarded.